UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,
    Plaintiff,

vs.                                      Case No.:  3:21cv704/LAC/EMT

KADY JOHNSON,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

      Plaintiff, a prisoner proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis (IFP).  He also did not file his complaint on the proper form.  The undersigned thus entered an order on April 26, 2021, directing Plaintiff to either pay the filing fee or obtain leave to proceed IFP and file an amended complaint on the court form within thirty days (ECF No. 3). The undersigned directed the clerk of court to send Plaintiff a § 1983 complaint form and the correct set of forms needed for filing an IFP motion and advised Plaintiff that failure to comply with the order would result in a recommendation that the case be dismissed.

      After more than thirty days passed and Plaintiff had not complied, the undersigned entered an order on June 4, 2021, directing Plaintiff to show cause

within thirty days why the case should not be dismissed for failure to comply with an order of the court (ECF No. 7). The undersigned advised that failure to comply with the order would result in a recommendation, without further notice, that the case be dismissed (*id.*).

Plaintiff submitted a response to the show cause order, but as Plaintiff has repeatedly done—in numerous cases—in the past, contrary to court orders instructing him not to do so, Plaintiff included multiple case numbers on the response (*see* ECF No. 8). The undersigned therefore entered an order directing the clerk of court to return the document to Plaintiff without filing (*id.*). The undersigned advised that should Plaintiff again disregard the court's directive by submitting a document with multiple case numbers, the court would dismiss each case referenced in the document without further notice (*id.*). Despite Plaintiff's noncompliance with the court's orders, the undersigned extended the deadline for Plaintiff to file a response to the show cause order to July 22, 2021 (*id.*).

Plaintiff timely responded to the show cause order (*see* ECF No. 10). In the response, Plaintiff indicated he exposed illegal operations at the facility where he formerly was detained, Santa Rosa Correctional Institution Annex, and that an officer at that institution, Officer Pitts, "refused to return all in forma pauperis

Case No.:  3:21cv704/LAC/EMT

forms" in retaliation (ECF No. 10 at 1). As the undersigned indicated in an order entered on July 27, 2021, Plaintiff did not allege, nor does the docket reflect, that Plaintiff made any attempt to obtain another set of IFP forms (ECF No. 11). Had he done so, the clerk would have promptly provided the forms (*see id.*). Moreover, because Plaintiff had been housed at a different institution, Lake Correctional Institution, for at least two weeks (*see* ECF No. 9), there was no reason to believe the IFP forms would not have been processed there (*see* ECF No. 11). Finally, although Plaintiff offered a reason for failing to comply with the court's directive regarding the filing fee/IFP motion, Plaintiff offered no explanation for failing to comply with the court's additional directive to file an amended complaint (*see id.*). Once again, despite Plaintiff's minimal efforts to comply with the court's April 26 order, the court afforded Plaintiff another opportunity to comply and again directed the clerk of court to forward Plaintiff a civil rights complaint form for use by prisoners, a motion to proceed in forma pauperis, and a prisoner consent form and financial certificate approved for use in the Northern District (*see id.* at 2–3). The undersigned allowed Plaintiff thirty days in which to file an amended complaint on the court form and either pay the $402 filing fee or file a completed motion to proceed in forma pauperis (*see id.* at 3). The undersigned advised that "**failure to**

Case No.:  3:21cv704/LAC/EMT

**comply with th[e] order as instructed [would] result in a recommendation, without further notice, that the case be dismissed**" (*id.*) (emphasis in original).

Plaintiff filed an amended complaint on August 27 on the court form (*see* ECF No. 12). The amended complaint, however, is deficient in that it does not comply with Local Rule 5.1(C), which requires documents to be submitted in at least 14-point font and all handwritten documents to be legible. *See* N.D. Fla. Loc. R. 5.1(C). The undersigned entered an order on September 7, 2021, noting that fact and recognizing that pro se litigants, especially prisoners, may not have access to word processing equipment and that the court thus permits the filing of handwritten documents (*see* ECF No. 13). The undersigned also noted that the court expends considerable time and effort deciphering handwritten documents and that handwriting should not require magnification to be deciphered, which is what Plaintiff's amended complaint requires (*see id.*). As the undersigned indicated, the handwriting in Plaintiff's amended complaint is so minute and compact that it renders the document illegible, at least in most places (*see id.*). The undersigned therefore required Plaintiff to file a second amended complaint, within thirty days, that is legible (*see id.*). With respect to Plaintiff's failure to pay the filing fee or file an IFP motion, the undersigned allowed Plaintiff one more opportunity to

comply and warned that was Plaintiff's "**final opportunity to satisfy the filing fee requirement**" and that "**[i]f Plaintiff fail[ed] to either pay the filing fee or file a complete IFP motion, with all of the required documentation, by the deadline set by th[e] order, the court w[ould] dismiss this case without further notice**" (*id.* at 2) (emphasis in original).  The court also again advised that failure to comply with the order as instructed would result in a recommendation, "**without further notice**," that the case be dismissed (*id.* at 4) (emphasis in original).

More than thirty days have passed and Plaintiff has not filed a second amended complaint, paid the filing fee, or filed a fully completed motion to proceed IFP.  Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be dismissed without prejudice for failure to comply with orders of the court.

2. That the clerk of court be directed to close this case.

At Pensacola, Florida, this 20th day of October 2021.

>  */s/ Elizabeth M. Timothy*
>  **ELIZABETH M. TIMOTHY**
>  **CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:21cv704/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:21cv704/LAC/EMT